IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| ELIORA KETNER, individually and on behalf of all others similarly situated, )<br>)<br>)<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>NEWMAN MEMORIAL HOSPITAL FOUNDATION, )<br>)<br>)<br>Defendant. ) | Case No. [_____] |

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453, Defendant Newman Memorial Hospital Foundation ("Newman") hereby removes the civil action entitled *Eliora Ketner v. Newman Memorial Hospital Foundation* (the "Removed Case"), from the Eighteenth Judicial District of Kansas, where it is now pending, to the United States District Court for the District of Kansas. In support of removal, Newman states the following[1]:

---

[1] By filing this Notice of Removal, Newman does not waive, and expressly reserves, its right to object to service of process, the sufficiency of process, personal jurisdiction, or venue, and also specifically reserves its right to assert any defenses and/or objections to which it may be entitled. Newman also expressly reserves all rights to challenge the Complaint (including the relief sought therein), or any later amended complaints, on the merits, on jurisdictional, or any other appropriate grounds, including that no class should be certified in this action. The facts set forth in this Notice are based on the allegations of the Complaint and Newman's good faith allegations and are solely for removal purposes. Newman's reliance on the facts alleged and relief sought in the Complaint for removal purposes in no way suggests that Newman agrees with those facts or concedes to any of the relief sought.

**I. PROCEDURAL POSTURE**

1. Plaintiff Eliora Ketner ("Ketner") commenced the Removed Case in Kansas State Court, venued in the Eighteenth Judicial District, Sedgewick County, by serving Newman with a Summons and Complaint on May 23, 2022 ("State Court Action").

2. In her Complaint, Ketner asserts causes of action for negligence, implied contract, unjust enrichment, negligence per se, and "invasion of privacy" based on a recent cyber-attack on Newman's network.

**II. PROCEDURAL REQUIREMENTS FOR REMOVAL**

3. This action is properly removed to this Court because the State Court Action is pending within this district and division. 28 U.S.C. §§ 103(3), 1441(a), 1446(a).

4. This removal is timely because it is being filed "within 30 days after receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b).

5. Pursuant to 28 U.S.C. § 1446(a), attached as **Exhibit A** are true and correct copies of all process, pleadings, and orders served upon Newman in the State Court Action.

6. Pursuant to 28 U.S.C. § 1446(d), with the filing of this Notice of Removal, Newman is simultaneously (a) serving Plaintiff with a copy of this Notice of Removal, and (b) filing a copy of the Notice of Removal in the Kansas District Court, Eighteenth Judicial District, Sedgewick County. A copy of the Notice of Removal filed in the State Court Action is attached hereto as **Exhibit B**.[2]

---

[2] Newman has not included Exhibit 1 to the state court removal notice because Exhibit 1 is a copy of this Notice of Removal.

### III. CLASS ACTION FAIRNESS ACT

7. The Court has jurisdiction under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d), which "confer[s] federal jurisdiction over class actions involving at least 100 members and over $5 million in controversy when minimal diversity (between any defendant and any plaintiff class member) is met." *Prime Care of Ne. Kan., LLC v. Humana Ins. Co.*, 447 F.3d 1284, 1285 (10th Cir. 2006).

**A.     The Putative Class**

8. This action is a class action within the meaning of the CAFA because Perry seeks certification of a putative class pursuant to K.S.A 60-223, a "rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action," as defined by 28 U.S.C. §1332(d)(1).

9. The CAFA numerosity requirement is also satisfied because Ketner alleges that there are approximately 52,000 class members. Compl. ¶ 4.

**B.     Minimal Diversity**

10. Newman is a not-for-profit corporation organized under the laws of the state of Kansas. A corporation is a "citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1). Newman is incorporated in Kansas and has its principal place of business in Kansas. Consequently, for diversity purposes, Newman is a citizen of Kansas.

11. Ketner proposes that the following persons be included in the class: "All Newman patients residing in the State of Kansas whose PHI was accessed without authorization in the Data Breach."

12. Notices of the data security incident at issue in this case were sent to individuals in multiple states, including Kansas, Missouri, Colorado, Texas, and Oklahoma.

13. Individuals receiving notice have inevitably moved in and out of the state of Kansas during the unrestricted period of time applicable to Ketner's proposed class. And residency does not equal citizenship for purposes of removal. Nic*hols v. Chesapeake Operating, LLC*, 718 F. App'x 736, 740 (10th Cir. 2018) (unpublished); *Reece v. AES Corp.*, 638 F. App'x 755, 760 (10th Cir. 2016) (unpublished).

14. Accordingly, at least one member of the putative class is a citizen of a State different from Kansas or a citizen or subject of a foreign state.

15. Because Newman is a Kansas citizen and at least one member of the putative class is a citizen of a State different than Kansas, or is a citizen or subject of a foreign state, minimal diversity exists among the parties under the CAFA. *See* 28 U.S.C. § 1332(d)(2)(A)-(B).

**C.     Amount in Controversy**

16. The amount in controversy requirement is also satisfied. "[A] defendant seeking to remove under CAFA must show that the amount in controversy exceeds $5,000,000 by a preponderance of the evidence." *Frederick v. Hartford Underwriters Ins. Co.*, 683 F.3d 1242, 1246 (10th Cir. 2012).

17. The amount in controversy in a putative class action is determined by aggregating the amount at issue in the claims of all members of the putative class. 28 U.S.C. § 1332(d)(6).

18. This standard "require[s] a party seeking federal jurisdiction to show only and much more modestly that a fact finder *might legally conclude* that damages exceed the statutory amount." *Hammond v. Stamps.com, Inc.*, 844 F.3d 909, 912 (10th Cir. 2016) (internal quotation marks omitted) (emphasis added).

19. "As for how to show that amount, the plaintiff's complaint may of course provide the basis for the amount in controversy if it demands monetary relief of a stated sum. But, as in this case, [w]hen the plaintiff's complaint does not state the amount in controversy, the defendant's notice of removal may do so." *Heather v. Air Methods Corp.*, No. CIV-16-843-R, 2016 WL 7109675, at *1 (W.D. Okla. Dec. 6, 2016) (internal citations and quotation marks omitted).

20. [W]hen determining the amount in controversy, the question is not whether the damages *are* greater than the requisite amount, but whether a fact finder *might* legally conclude that they are." *Id.* (quotation omitted). If it is possible for the class to recover an amount greater than the requisite amount, removal is proper, "[e]ven if it is highly improbable" that it will recover that amount. *Id.* at 888.

21. Assuming the truth of Ketner's allegations for purposes of this removal only (and reserving Newman's right to dispute them in future proceedings), and aggregating the alleged damages for all putative class members, the relief sought by the Complaint exceeds $5,000,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(d)(2); *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014) (for purposes of determining jurisdiction under CAFA, "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold").

22. For her part, Ketner claims that the class suffered a wide range of damages, including "The loss of the opportunity to control how their PHI is used," "The diminution in value of their PHI," "The compromise and continuing publication of their PHI," "Out-of-pocket costs associated with the prevention, detection, recovery, and remediation from identity theft or fraud," "Lost opportunity costs and lost wages associated with the time and effort expended addressing and attempting to mitigate the actual and future consequences of the Data Breach, including, but

not limited to, efforts spent researching how to prevent, detect, contest, and recover from identity theft and fraud," "Delay in receipt of tax refund monies," "Unauthorized use of stolen PHI," and "The continued risk to their PHI which remains in the possession of Newman and subject to further breaches so long as Newman fails to undertake the appropriate measures to protect the PHI in their possession." Compl. at ¶ 52.

23. Ketner, does not provide an estimate for each of these categories of damages, but does claim that stolen PHI can be worth $1,000.00 per claim. Compl. at ¶ 53.

24. Additionally, Ketner claims that she and the class suffered "actual damages in an equal amount to the difference in value between the Class' purchases made with reasonable data privacy and security practices and procedures that Plaintiff and members of the Class paid for, and those purchases without unreasonable data privacy and security practices and procedures that they received." Compl. at ¶ 117.

25. Again, Ketner does not quantify the value of this time and monitoring effort, but in a separate data breach case, a defendant offered reimbursement at market rate of $25.00 per hour for dealing with the consequences of a data breach.[3]

26. Ketner also seeks "compensatory damages for Defendant's invasion of privacy, which includes the value of the privacy interest invaded by Defendant, the costs of future monitoring of their credit history for identity theft and fraud, plus prejudgment interest, and costs." Compl. at ¶ 139.

27. Ketner also seeks "exemplary, punitive damages, and statutory damages," although it is not clear how much she seek for each such category. *See* Compl. at *30.

---

[3] *Equifax Data Breach Settlement: What You Should Know*, Federal Trade Commission, https://consumer.ftc.gov/consumer-alerts/2019/07/equifax-data-breach-settlement-what-you-should-know (last visited Apr. 12, 2022).

28. This amounts to $52 million for Ketner's claim for lost or stolen PHI ($1,000 times the class size of 52,0000), $1.3 million for Ketner's claim for identity monitoring ($25 times the class size of 52,000), and an additional unspecified amount for invasion of privacy damages, exemplary damages, punitive damages, statutory damages, attorney's fees, and court costs.

29. Accordingly, although Newman vigorously disputes Ketner's allegations and entitlement to relief, assuming for the purposes of removal only that Ketner's allegations are true and the Court or a fact-finder finds she is entitled to recover for all the aforementioned alleged categories of damages, the individual damages alleged in her Complaint would substantially exceed the statutory threshold.

**D.     The CAFA Exceptions Do Not Apply.**

30. Ketner bears the burden of establishing that an exception to the CAFA would apply. *Woods v. Standard Ins. Co.*, 771 F.3d 1257, 1262 (10th Cir. 2014) ("once a defendant establishes removal is proper, a party seeking remand to the state court bears the burden of showing jurisdiction in federal court is improper under one of CAFA's exclusionary provisions.")

31. However, Newman notes that no exception under 28 U.S.C. § 1332(d)(3)-(4) applies here.

WHEREFORE, notice is hereby given that this action is removed from Kansas District Court to the United States District Court for the District of Kansas.

Dated:  June 13, 2022

SPENCER FANE LLP

By: *s/ Mark A. Cole*
    Mark A. Cole, #25349
    Kyle A. Klucas, #29151
    6201 College Blvd., Suite 500
    Overland Park, KS 66211
    Telephone: 913.327.5108
    mcole@spencerfane.com
    kklucas@spencerfane.com

*Attorneys for Defendant Newman Memorial Hospital Foundation*